## Luke Lyman *vs.* Thomas S. Hayden.

Hampsnire. . September 21. — 28, 1875. Ames & Devens, JJ., absent.

A commissioner appointed by the Governor of another state to take depositions in this state is not a public officer of this Commonwealth, but an officer of the state under whose authority he is appointed; and, if his fees are not prescribed by the statutes of that state, he is entitled to recover reasonable compensation from a peʳ son who employs him to take depositions.

The employment of a commissioner, appointed under the authority of another state to take depositions in this Commonwealth, carries with it no implied authority to employ counsel, either to instruct the commissioner in his own duties, or to look after the interests of a party to the controversy to which the depositions relate.

Contract on an account annexed to recover $100 for services in taking depositions to be used in an action pending in California, and $25 for the services of counsel.

At the trial in the Superior Court, before *Brigham,* C. J., the plaintiff testified as ˙follows : " The defendant came to me in 1869, to have me take the depositions of himself and wife. I was employed to look after this matter by the defendant. I employed counsel to see if the depositions were in proper form, and consulted with him in general. I have no recollection that the defendant asked me to employ counsel. I have charged ten dollars a day, and estimated that all the time I spent amounted to ten days."

The defendant testified that he did not employ the plaintiff, but gave his name to an attorney in California, as a competent person to whom to send a commission ; that he did not instruct the plaintiff to employ counsel.

The defendant objected that the plaintiff could only collect ɪegal fees according to the laws of California, or the laws of Mas-

sachusetts, for taking the depositions, and that he could not collect them of the defendant, nor in the form of a claim for days' work ; but the judge overruled the objection, and admitted the foregoing evidence as competent to show that he took the depositions at the defendant's request, and upon a promise, express or implied, to pay what it was fairly worth to perform the service.

The defendant also objected to the plaintiff's right to recover the amount of the charge for counsel under an account annexed, and because he was not employed at the defendant's request ; but the judge ruled, that if the plaintiff was employed to take the depositions, and, to do that properly, found it necessary to consult counsel, the charges of counsel might be included in the plain· tiff's claim, for which he would have a right to recover.

The jury returned a verdict for the plaintiff for $68.96 ; and the defendant alleged exceptions.

The commission issued to the plaintiff, with the statutes of California printed thereon, empowering the governor to appoint commissioners in each of the United States, and defining the duties of such officers, but containing no regulations as to fees, was made part of the bill of exceptions.

*C. Delano,* for the defendant.

*D. W. Bond,* for the plaintiff.

GRAY, C. J. A commissioner appointed by the Governor of another state, to take depositions in this state, is not a public officer of the Commonwealth, but an officer of the state under whose authority he is appointed, who is allowed by the comity and the legislation of this state to exercise here like powers in the execution of his office as justices of the peace. Gen. Sts. *c.* 131, § 38. Our statutes regulating the fees of justices of the peace and other public officers do not therefore apply to him. Gen. Sts. *c.* 157, §§ 2, 14. The fees of commissioners appointed by the Governor of this Commonwealth, to take depositions in other states, are prescribed and limited by the statutes of Massachusetts. St. 1862, *c.* 76. But from the statutes of California, printed upon the plaintiff's commission, it would appear that the laws of that state make no such provision. The plaintiff was not bound to perform services gratuitously ; his fees not being regulated by law, he was entitled to recover reasonable compensation from the party who employed him ; and there is nothing

in this case to show that the agreement of the defendant to pay the plaintiff for his services as commissioner, which the evidence at the trial tended to prove, was illegal, or that the rulings on that part of the case were incorrect.

But the employment of the plaintiff as commissioner to take depositions could not authorize him by implication to employ counsel, either to instruct him in his own duties, or to look after the interests of a party to the controversy to which the depositions related. The exception to the ruling upon this point must therefore be sustained, and as it does not appear how much of the verdict was for the plaintiff's own services, and how much for counsel fees, a new trial must be had of the whole case, unless the plaintiff elects to remit the whole amount claimed by him for counsel fees, and take judgment for the rest of the sum found by the jury.                                    *Exceptions sustained.*